UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN T. PICKERING-GEORGE, a/k/a
John R. Daley, Jr.,

                Plaintiff,

v.                                            1:10-CV-0771
                                                      (GTS/DEP)
ANDREW M. CUOMO, Attorney General of
New York State; ANDREA OSER, Deputy
Solicitor General of New York State;
DISTRICT ATTORNIES, a/k/a District
Attorney Offices; and PROSECUTING
ATTORNIES,

                Defendants.
_____

APPEARANCES:

JOHN T. PICKERING-GEORGE
  Plaintiff, *Pro Se*
100 West 174 Street, Apt. 6-D
Bronx, NY 10453

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* civil rights action, filed by John T. Pickering-George ("Plaintiff"), is Plaintiff's motion to proceed *in forma pauperis* and motion for various other relief. (Dkt. Nos. 2, 3.) For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is granted, and his motion for various other relief is denied. In addition, Plaintiff's Complaint is *sua sponte* dismissed for failure to state a claim upon which relief can be granted and frivolousness, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), unless, within thirty (30) days of the date of this Decision and Order, he files an Amended Complaint that complies with the terms of this Decision and Order.

**I.     PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

After carefully reviewing Plaintiff's papers, the Court finds that he qualifies for *in forma pauperis* status. (Dkt. No. 2.) Plaintiff's motion to proceed *in forma pauperis* in this action is, therefore, granted. However, the Court reserves the right to conduct an analysis of any "strikes" acquired by Plaintiff, for purposes of 28 U.S.C. § 1915(g), should the Court obtain, at a later time, reason to believe that he had acquired at least three such "strikes" before he filed this action. In addition, Plaintiff should note that, although his motion to proceed *in forma pauperis* has been granted, he still will be required to pay other fees that he might incur in this action, including copying and/or witness fees.

**II.    PLAINTIFF'S MOTION FOR VARIOUS OTHER RELIEF**

Approximately three months after filing his Complaint in this action, Plaintiff filed an 26-page document described as a "motion." (Dkt. No. 3.) Included within that filing is another motion to proceed *in forma pauperis*. (Dkt. No. 3, Attach. 1.) Like Plaintiff's original filing, this motion is indecipherable. (*Compare* Dkt. No. 1 *with* Dkt. No. 3.) For example, the first page of the document states as follows:

> RE: PETITIONER "MOTION" FOR DOCKET NUMBER ALSO STATUS AND MOTION FOR ATTORNEY FEE'S, COSTS FOR FAILURE TO RESPOND IN ACCORDANCE WITH, 5 U.S.C.S. § 552(a)(4)(E) & (F) (FOIA), FREEDOM OF INFORMATION ACT, AND, "ENCLOSED JURISDICTIONS", OF [A], SUBPOENA, CONTEMPT, MANDAMUS, MANDATORY, GENERAL ORDER, MANDATED PROCESS, GENERAL PROVISIONS GOVERNING DUTIES, OBTAINING DOCUMENTS, FORMS, AND APPLICATIONS IMMUNITIES CLAUSE FROM PROSECUTION OR PUNISHMENT, RELEASE-DISMISSAL DOCUMENT FORM, EXEMPT FROM INVESTIGATIONS, INDICTMENT, PROSECUTIONS, PUNISHMENT, PENALTY OR FORFEITURE, SUITS OR OTHER PROCEEDING BEFORE ANY JUDGE OR JUSTICE, COURT OR OTHER TRIBUNAL, CONDUCTING AND INQUIRY FOR LEGAL PROCEEDING RELATING TO THE

ACTS OF SAID "AUTHORITIES" WRITTEN ORDER IN THE
NAME OF THE CITY, COUNTIES STATE OF NEW YORK.

(Dkt. No. 3 at 1.) The second page lists the attorney whom the motion apparently concerns or perhaps to whom it has been sent. (*Id*. at 2.) For the next 18 pages, Plaintiff lists–as purported relevant authorities–various legal terms and phrases (as well as statutes, rules, and cases). (*Id*. at 3-21.) On the next page, labeled page "3," Plaintiff begins what appears to be his legal argument in the form of paragraphs, and continues to do so until the end of the document. (*Id*. at 22-25.) However, the contents of the paragraphs still mostly consist of legal citations, lack any allegations of fact, and simply make no sense.

For all of these reasons, Plaintiff's "motion" is denied based on its non-compliance with the requirements of Fed. R. Civ. P. 7(b)(1)(B),(C) (which requires the movant to "state with particularity the grounds for seeking the order" and "state the relief sought") and Local Rule 7.1(a)(1),(2) of the Local Rules of Practice for this Court (which, depending on the relief sought, requires the movant to accompany the motion with a memorandum of law and affidavit). *See Link v. Taylor,* 07-CV-338, 2009 WL 127660, at *3 (N.D. Ind. Jan.20, 2009) (denying *pro se* plaintiff's motion to compel response to a production request where the request was incomprehensible); *Wright v. Goord*, 04-CV-6003, 2008 WL 2788287, at *3 (W.D.N.Y. July 15, 2008) (denying *pro se* prisoner's motion to compel based on its incomprehensibility).[1]

Moreover, to the extent that Plaintiff's motion can somehow be construed as a request for

---

[1] The Court notes that Plaintiff's recently filed motion to proceed *in forma pauperis* (Dkt. No. 3, Attach. 1) is duplicative of his original motion accompanying his Complaint, which is granted herein. Plaintiff is advised that, because the Court is granting his motion to proceed *in forma pauperis*, which was filed on July 8, 2010, it is not necessary that he file any further motions seeking that relief in this action. Plaintiff's second motion to proceed *in forma pauperis* (Dkt. No. 3, Attach. 1) will therefore be denied as duplicative of Dkt. No. 2 and as moot.

entry of a default judgment with regard to his original filing,[2] Plaintiff is advised that Fed. R. Civ. P. 55 provides for entry of default judgement "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." Fed. Rule Civ. Proc. 55(a).  Here, Plaintiff's motion was served before the Court determined the sufficiency of his Complaint and thus before Defendants were served.  As a result, there can be no default in answering or defending.  As a result, to the extent that Plaintiff's motion is one for default judgment, it is denied on this alternative ground.

**III.    *SUA SPONTE* REVIEW OF PLAINTIFF'S COMPLAINT**

Having reviewed Plaintiff's motion to proceed *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in his Complaint in light of 28 U.S.C. § 1915. This is because Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**A.    Governing Legal Standards**

It has long been understood that a dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J. adopting Report-Recommendation on *de novo* review) [citations omitted].

---

[2]    The Court notes that the first page of Plaintiff's motion refers to a failure to respond and the twenty-first page of Plaintiff's motion refers to a default judgment.

With regard to the first ground, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed. R. Civ. P. 8 (a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id.* at 212, n.18 [citations omitted].[3]

The Supreme Court has long characterized this pleading requirement under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id.* at 212, n.20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id.* at 212, n.21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id.* at 213, n.22 [citations omitted].

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

---

[3]  *See also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-563. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 555-572. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 555 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.* at 555 [citations omitted].[4]

This clarified plausibility standard governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[5] It should be emphasized the Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation

---

[4]   *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

[5]   *Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for all civil action, . . . and it applies to antitrust and discrimination suits alike."); *see, e.g., Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. Mar. 27, 2008 (in *pro se* action, stating "[t]o survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* compliant sufficiently presented a "*plausibl*e claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

omitted; emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley*, and repeated in *Twombly*–that a pleading need not "set out in *detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 556, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  The statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.[6]  Indeed, the Supreme Court recently reaffirmed this pleading requirement, as well as the continued vitality of *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), noting that while the *Twombly* "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*).  What remains clear after *Iqbal* is that "legal conclusions can provide the framework of a complaint," but when unsupported by factual allegations they fail to meet the minimal requirements of Fed. R. Civ. P. 8.  *Id.* at 1950.

---

[6]     For example, in *Erickson*, the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatitis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson*, 127 S. Ct. at 2199-2200.  Expressed differently, the Court held that such a plaintiff need not also allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatitis C medication (a requirement that had been imposed by the district court).  This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief.  Prior to the Supreme Court's decision, numerous decisions, including from district courts within the Second Circuit alone, had found that suffering from hepatitis C constitutes a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees*, 01-CV–0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Johnson v. Wright*, 234 F. Supp. 2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000).  The important thing is that, in *Erickson*, even the *pro se* plaintiff was required to allege some sort of fact.

Finally, in reviewing a complaint for dismissal under Fed. R. Civ. P. 12(b)(6), the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se*. However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[7] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards in Fed. R. Civ. P. 8, 10 and 12.[8] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10, and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[9] Stated more plainly, when a plaintiff is proceeding *pro se*, " all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F. Supp.2d at 214, n.28 [citations omitted].

---

[7] *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[8] *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), *cert. denied*, 411 U.S. 935, 93 S. Ct. 1911 (1973) (finding that extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord, Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi*, 469 F.2d at 692) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi* within the Second Circuit]; *accord, Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995); *accord Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994).

[9] *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *accord, Traguth*, 710 F.2d at 95; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

### B. Summary of Plaintiff's Complaint

On July 8, 2010, Plaintiff filed a handwritten Complaint, labeled "Complaint Mandamus-General Form" consisting of 28 pages, plus three handwritten attachments, for a total of 154 pages. The first attachment to Plaintiff's Complaint is identified as "New York State Arraignment Charges and Motions" (*see* Dkt. No. 1, Attach. 1), and the second attachment is identified as "Table of Authorities, Federal Rules of Criminal Procedure Amended *Mandated Process of Criminal Federal Rules Digest*" (*see* Dkt. No. 1, Attach. 2). The third attachment to Plaintiff's Complaint is addressed to the Court Clerk, stating:

> RE:   RELEASE-DISMISSAL OF ANY CONVICTION, VINDICTIVE PROSECUTION FOR CIVIL RIGHTS ACTION<u>S</u>, "<u>MOTIONS</u>" FOR DISMISSAL OF INDICTMENTS BOTH FEDERAL AND STATE ATTORNEY GENERAL, AND DISTRICT AND PROSECUTING ATTORNEYS PURSUANT TO, U.S. FEDERAL CONST. AMEND<u>TS</u>. 1, 5, 8, <u>14.1,5</u>

(Dkt. No. 1, Attach. 3) [emphasis in original]. The first 21 pages of the Complaint consist of a list of legal terms and phrases with sporadic references to the Federal Rules of Civil Procedure, followed by a listing of numerous federal constitutional provisions, federal statutes, New York State statutes, and rules of appellate procedure, including rules of the United States Supreme Court. The last three pages of the Complaint consist of unnumbered paragraphs largely containing, once again, listings of legal authorities with some apparent quotation therefrom. Plaintiff's "Statement of Claim" states,

> [N]OW HERE COMES PETITIONER <u>PRO SE</u> "<u>WITH MOTION</u>", PURSUANT TO U.S. FEDERAL CONST. AMENDT<u>S</u>. 1, 4, 5, <u>14.1,5</u> DUE PROCESS, GARUNTEED [sic] DUE PROCESS, FRCP. RULE.1 . . .,
>
> *[T]HE, MOTION IN REGARDS TO [A] <u>SUBPOENA, CONTEMPT, MANDATORY MANDAMUS</u>," GENERAL ORDER, MANDATED PROCESS GENERAL PROVISIONS GOVERNING DUTIES IN RESPONDING TO SUBPOENA

<blockquote>
FORM AND INJUNCTION PROCESS FOR DISBURSEMENT OF "<u>DOCUMENTS, FORMS, AND APPLICATIONS-IMMUNITIES CLAUSE FROM PROSECUTION OR PUNISHMENT, RELEASE-DISMISSAL DOCUMENT FORM, EXEMPT FROM INVESTIGATIONS, INDICTMENT, PROSECUTIONS, PUNISHMENT, PENALTY OR FORFEITURE, SUITS OR OTHER PROCEEDING BEFORE ANY JUDGE OR JUSTICE, COURT OR OTHER TRIBUNAL, CONDUCTING ANY INQUIRY FOR LEGAL PROCEEDING RELATING TO ACTS OF SAID "AUTHORITIES" WRITTEN ORDER IN THE NAME OF THE CITY, COUNTIES, STATE OF NEW YORK.</u>
</blockquote>

(Dkt. No. 1, at 25 [emphasis in original].) As relief for his asserted injuries, the Complaint demands "to have all documents released to petitioner in accordance with applications, process, registration requirements of obtaining [sic], immunities from prosecution or punishment release-dismissal document form. . . ." (*Id.* at 27.) In addition, Plaintiff seeks $75,000 plus attorney's fees, and costs "for failure to respond within (60) sixty days, <u>FRCP. Rule. 55(a)(e)</u>, 28 U.S.C.S <u>or</u> within (90) days, (F.O.I.A) Freedom of Information Act, 5 U.S.C.S § 552(a)(4)(E) & (F)." (*Id.*) Plaintiff's lengthy attachments to the Complaint are similar in form, containing lists of hundreds of statutory provisions and rules and unnumbered paragraphs apparently quoting various legal authorities; these attachments also include citation to and quotation of case law. But for reference to four lawsuits previously filed by Plaintiff in other jurisdictions, all of which have been dismissed, the Complaint and attachments are devoid of any allegations of fact, even when construed with the utmost of special leniency.[10]

---

[10] Plaintiff references the following four cases: (1) *Pickering-George v. City of New York*, 08-CV-5112, filed in the Southern District of New York on June 4, 2008, and dismissed as frivolous on August 25, 2008, with an order enjoining Plaintiff from filing further actions in that court without prior permission; (2) *Daley v. Commissioner of OMH*, 09-CV-0146, filed in the Northern District of New York on February 5, 2009, and dismissed on April 28, 2009, with Plaintiff's appeal to the Second Circuit dismissed on September 24, 2009, as lacking an arguable basis in law or fact; (3) *Pickering-George v. Court Report Records*, 10-CV-0313, filed in the District of Delaware on April 15, 2010, and dismissed on July 1, 2010, for failure comply with

### C.    Analysis of Complaint

As stated above in Part II.A. of this Decision and Order, although courts are generally bound to construe the allegations of a *pro se* complaint with special leniency, they must do so within the confines of the requirements of Fed. R. Civ. P. 8.  For example, "some facts must be included in the complaint that would support the court's exercise of subject matter jurisdiction and a complaint that falls too far short of this requirement may properly be dismissed." *Rahl v. New York Telephone Co.*, 09-CV-1165, 2010 WL 3338832, at * (N.D.N.Y. Aug. 24, 2010) (Sharpe, J.) (dismissing *pro se* complaint for failure to plead facts sufficient to survive a Rule 12(b)(6) motion).  Though "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible . . .," the Court retains the power to dismiss a complaint that is "prolix" or has the "surfeit of detail," notwithstanding the deference given to *pro se* litigants.  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

This is one of those cases.  While prolix and excessive in its citation and quotation of legal authorities, Plaintiff's Complaint is so lacking in factual allegations that the Court simply is unable to discern any plausible claim within the Court's jurisdiction.  Indeed, not only is the Court at a complete loss as to the basis for Plaintiff's Complaint, but it is unable to decipher what relief Plaintiff seeks.  To the extent that Plaintiff's attempted claims arise out of Defendants' criminal prosecution of him, three points bear making.

---

an order of the court; and (4) *Pickering-George v. Court Reporter Records*, 10-CV-5576, filed in the Southern District of New York on July 22, 2010, and dismissed by order of July 22, 2010, wherein the court denied Plaintiff's motion for *in forma pauperis* status for the purpose of an appeal, finding any appeal would not be taken in good faith.  As will be discussed in greater detail below in this Decision and Order, Plaintiff is a prolific litigant in federal court, having filed fifteen separate federal court lawsuits since 2006 and seven appeals.

First, Plaintiff appears to have previously asserted similar, if not identical, claims in other courts, which have dismissed those claims with prejudice, raising possible issues of collateral estoppel, res judicata, and/or statute of limitations. (Some of those cases are described below, in Part III.D. of this Decision and Order.) Second, some or all of the Defendants against whom Plaintiff is attempting to assert claims appear to be protected from liability as a matter of law by the doctrine of absolute immunity, due to their status as prosecutors. Third, in the event that the criminal charges brought against Plaintiff are still pending, Plaintiff's claims against these Defendants would not be ripe. Moreover, as made clear by the Supreme Court in *Heck v. Humphrey*, "a plaintiff whose criminal conviction has not been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus,' may not seek damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights." *Brady v. Marks*, 7 F. Supp.2d 247, 252-53 (W.D.N.Y. 1998) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 [1994]). "[T]o permit a convicted criminal to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Marks*, 7 F. Supp.2d at 253 (internal quotation marks and citations omitted).

For each of these many reasons, Plaintiff's Complaint must be, and is, dismissed based on the condition described below in Part II.. of this Decision and Order. The Court notes that, in reaching this conclusion, it does not in any way deprive Plaintiff of the special solicitude normally afforded to *pro se* civil rights litigants. However, the Court notes that limiting the special solicitude with which Plaintiff's Complaint is construed, in this circumstance, would be appropriate, given Plaintiff's extraordinary experience as a *pro se* civil rights litigant in federal court, described below in Part II.C. of this Decision and Order.

12

**D.     Nature of Dismissal**

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his or her action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) [citations omitted]; *accord Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") [citation omitted]; *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") [citation omitted]; *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 28 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") [citation omitted]; *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").[11]

---

[11]     The Court notes two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d at 796; *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

This rule applies even to *pro se* plaintiffs.  *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1.  As explained above in Part II.A. of this Decision and Order, while the special leniency afforded *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10, and 12; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10, and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.

Here, Plaintiff's obvious familiarity with these requirements is evidenced by his extensive litigation history, which raises serious concerns as to Plaintiff's vexatious nature (and his right to amend his current Complaint).  More specifically, the Court's research has revealed that Plaintiff has amassed a significant record of civil actions filed in just the past four years.  According to the Federal Judiciary's Public Access to Court Electronic Records ("PACER"), since November of 2006, he has filed fifteen complaints in various districts throughout the country, including one in this district, as well as seven circuit court appeals.[12]  All but one of his actions have been dismissed, and Plaintiff has previously been warned of the requirements of Fed. R. Civ. P. 8 and of the consequences of filing frivolous lawsuits.

---

The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. at 45-46, which was "retire[d]" by the Supreme Court in *Twombly*, 127 S. Ct. 1955.  *See Gomez*, 171 F. 3d at 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley*, 355 U.S. at 45-46).  Thus, this standard does not appear to be an accurate recitation of the governing law.

[12]     Plaintiff also apparently attempted to make various submissions with the United States Supreme Court, which, on April 27, 2009, directed the Clerk of the Court not to accept any further petitions in noncriminal matters from Plaintiff unless he paid the docketing fee and complied with the Court's rules.  *Pickering-George v. Holder*, 129 S. Ct. 2061 (2009).

For example, on November 30, 2006, Plaintiff filed an action in the District of Colombia, *Pickering-George v. U.S. Attorney General*, 06-CV-2061, which was dismissed for failure to comply with the requirements of Fed. R. Civ. P. 8(a); the district court's dismissal was affirmed on appeal. *See Pickering-George v. U.S. Attorney General*, No. 06-5418 (D.C. Cir. Nov. 19, 2007).

In June of 2008, the Eastern District of New York dismissed a complaint that Plaintiff filed in that district, *Pickering-George v. City of New York,* 08-CV-0512, noting that Plaintiff had filed numerous frivolous actions in several federal courts under at least five aliases in the previous three years (including "John R. Daly, Jr.," "John T. Piquin-George," and "John T. George"); after issuing an order to show cause, to which Plaintiff failed to respond, on August 5, 2008, the Eastern District of New York issued an order prohibiting Plaintiff from filing future actions in that district without first obtaining leave of court. *See Pickering-George v. City of New York,* Eastern District of New York, 08-CV-0512, Dkt. Nos. 3, 10. Notwithstanding the court's order, on November 19, 2009, plaintiff filed another action in that district, *Pickering-George v. Gonzalez*, 09-CV-9638, which was dismissed on the day it was filed due to Plaintiff's failure to obtain prior permission of the court.

On February 5, 2009, Plaintiff filed *Daley v. Commissioner of OMH*, 09-CV-0146, in this District. The handwritten complaint consisted of 55 pages, plus nearly 200 pages of exhibits. *See Daley v. Commissioner of OMH*, Northern District of New York, 09-CV-0146, Dkt. No. 1. In addition, Plaintiff filed a 65-page document containing hundreds of citations and apparently some "argument." *See id.* at Dkt. No. 3. Expressly stating its concern that Plaintiff's filing may have been an attempt to circumvent the filing injunction issued by Chief Judge Kimba Wood in the Southern District of New York, the Court characterized Plaintiff's complaint as "plainly frivolous" and dismissed it without leave to amend. *See id.* at Dkt. No. 4. On Plaintiff's appeal,

15

the Second Circuit denied his motion to proceed *in forma pauperis* and dismissed the appeal as lacking an arguable basis in law or in fact.  *See id.* at Dkt. No. 10.

On March 31, 2009, Plaintiff filed another action, in the District of Delaware on March 31, 2009, *Daley v. U.S. District Court of Delaware*, 09-CV-0218, which was dismissed on June 24, 2009, as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Recently, on March 30, 2010, Plaintiff filed a complaint against Brookhaven (N.Y.) Center, among others, in the Eastern District of New York.  *Pickering-George v. Brookhaven (N.Y.) Center*, 10-CV-1103, 2010 WL 1740439 (E.D.N.Y. Apr. 30, 2010).  In dismissing the complaint for failure to comply with Fed. R. Civ. P. 8, the court characterized Plaintiff's twelve-page handwritten complaint as "incomprehensible," and noted that "the Complaint is largely comprised of quotations from various federal statutes and case law."  *Pickering-George v. Brookhaven (N.Y.) Center*, 2010 WL 1740439, at *1.

In addition, on August 31, 2010, the District of Colombia dismissed a complaint filed by Plaintiff against the Attorney General of the United States, among others, as a result of Plaintiff's failure to comply with Fed. R. Civ. P. 8.  *Pickering-George v. Attorney-General, District of Columbia*, 10-CV-1507, Dkt. Nos. 3, 4.

In view of the foregoing, it seems highly unlikely that Plaintiff will be able state a claim upon which relief can be granted.  Notwithstanding that fact, the Court is mindful of the fact that it has great difficulty deciphering the claims and factual allegations that Plaintiff is attempting to assert in his Complaint.  As a result, at this juncture, the Court has trouble concluding that an amendment by Plaintiff would be futile.  For these reasons, Plaintiff shall be afforded an opportunity to file an Amended Complaint, before the dismissal of this action.  <u>Plaintiff is advised that his action will be dismissed unless, *within thirty (30) days* from the date of the filing of this Decision and Order, he files an Amended Complaint that states a claim upon which relief can be granted</u>.

In the event that Plaintiff chooses to file an Amended Complaint, he is advised that any such Amended Complaint, <u>shall supersede and replace in its entirety his original Complaint, and may not incorporate any portion of his original Complaint by reference</u>. *See* N.D.N.Y. L.R. 7.1(a)(3); *Harris v. City of N.Y.*, 186 F.3d 243, 249 (2d Cir. 1999) (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 [2d Cir. 1994]). In an extension of special solicitude, he is further advised that the body of the Amended Complaint should (1) state the basis for this Court's jurisdiction over his claims, (2) state the reasons that the case is properly venued in this Court, (3) contain sequentially numbered paragraphs founded only one occurrence of misconduct per paragraph, and (4) describe such facts as the alleged acts of misconduct, the dates on which such misconduct occurred, the names of each and every individual who participated in such misconduct, and, where appropriate, the location where the alleged misconduct occurred.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for various other relief (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint **SHALL BE** *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that states a claim upon which relief can be granted; and it is further

**ORDERED** that any Amended Complaint filed by Plaintiff must be a complete pleading, which will supersede his original Complaint in all respects, and which may not incorporate any portion of his original Complaint by reference; and it is further

**ORDERED** that, upon receipt from Plaintiff of his Amended Complaint, the Clerk shall forward that Amended Complaint to the undersigned for further review; and it is further

**ORDERED** that, in the event Plaintiff fails to file an Amended Complaint that complies with the terms of this Decision and Order as set forth above, the Clerk shall enter Judgment dismissing this action without further Order of this Court.

Dated: December 7, 2010
       Syracuse, New York

/s/ Glenn T. Suddaby
Hon. Glenn T. Suddaby
U.S. District Judge