UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN T. PICKERING-GEORGE
a/k/a, John R. Daley, Jr.,

                        Plaintiff,

v.                                                            1:10-CV-0771
                                                                                (GTS/DEP)

ANDREW M. CUOMO, Attorney General
of New York State; ANDREA OSER, Deputy
Solicitor General of New York State;
DISTRICT ATTORNIES, a/k/a District Attorney
Offices; and PROSECUTING ATTORNIES,

                        Defendants.
_____

APPEARANCES:

JOHN T. PICKERING-GEORGE
  Plaintiff, *Pro Se*
100 West 174 Street, Apt. 6-D
Bronx, NY 10453

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this *pro se* civil rights action, filed by John T. Pickering-George ("Plaintiff"), is Plaintiff's Amended Complaint and motions for various relief.  (Dkt. Nos. 7, 8 and 9.)  For the reasons discussed below, the Amended Complaint is *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted, and frivolousness, pursuant to 28 U.S.C. § 1915(e)(2)(B), and his motions are denied.

I.      **RELEVANT BACKGROUND**

   A.      **Procedural History**

Plaintiff filed his original Complaint in this action on July 8, 2010, along with an application to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) He subsequently filed a motion requesting various forms of relief. (Dkt. No. 3.) After review of those submissions, by Decision and Order of December 8, 2010, the Court granted Plaintiff leave to proceed *in forma pauperis*, denied Plaintiff's other motions, and, pursuant to 28 U.S.C. §§ 1915(3)(2)(B) and 1915A(b), conditionally dismissed Plaintiff's Complaint *sua sponte* for failure to state a claim and frivolousness.[1] (Dkt. No. 4.) In its decision, the Court noted Plaintiff's extensive litigation history and familiarity with the pleading requirements under the Fed. R. Civ. P. 8, 10, and 12, and reminded him of these requirements as well as of the consequences of filing frivolous lawsuits. (*Id*.) Though skeptical of Plaintiff's ability to state a cognizable claim, in deference to him as a *pro se* civil rights litigant, the Court allowed him to file an Amended Complaint within thirty days to avoid dismissal of the action. (*Id*.) Plaintiff timely filed an Amended Complaint along with two separate motions, which are all now before the Court.

---

[1] Following this Court's dismissal of the Complaint, Plaintiff apparently filed an appeal, a petition for writ of mandamus, and a motion to proceed *in forma pauperis* with the Second Circuit. (Dkt. No. 9.) On February 11, 2011, the Second Circuit issued a mandate denying Plaintiff leave to proceed *in forma pauperis* and dismissing his appeal, finding that it lacked an arguable basis in law or fact, and denying the mandamus petition as moot. (*Id.*) Noting that Plaintiff had been previously warned, in April 2010, that his "continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers" would result in sanctions, the Court found that the imposition of sanctions may be appropriate and directed Pickering-George to show cause why a leave-to-file sanction should not be imposed. (*Id.*) On March 1, 2011, the Second Circuit imposed the leave-to-file sanction, ordering that the Clerk refuse to accept for filing any further submissions from Pickering-George unless he first obtains leave of the Court to file such papers. *Pickering-George v. Court Records*, No. 10-3692, Mandate (2d Cir. filed Mar. 1, 2011).

### B.   Summary of Plaintiff's Amended Complaint

Though pared down from twenty-eight pages to eleven, and containing separate and consecutively numbered paragraphs, Plaintiff's Amended Complaint suffers from many of the same infirmities as the original. (*Compare* Dkt. No. 1 [Plf.'s Compl.] *with* Dkt. No. 6 [Plf.'s Am. Compl.].) For example, on the first page of his Amended Complaint (and throughout that pleading), Plaintiff refers to his previously filed twenty-four civil actions against various government officials. (*See generally* Dkt. No. 6.)[2] In a single sentence on the first page, Plaintiff then cryptically refers to a "cause of action for internet defamation ("PACER"), federal judiciary's public access to court electronic records, civil conspiracy." (*Id*. at ¶ 1.) Plaintiff then states that he "seeks the issuance of [a] permanant [sic], mandatory, prospective injunctive relief of 'all' government authority, authorities in lien and infringement associated concepts." (*Id.* at ¶ 2.) In the section entitled "factual allegations," which is difficult to decipher, Plaintiff makes reference to his release from jail in 2006, (*id.* at ¶ 2), "many prison violations of [his] constitutional rights," (*id.*), his filing of numerous lawsuits relating to the past prison setting, (*id.* at ¶ 8), being falsely accused of criminal conduct, (*id.* at ¶ 9), and being deprived of "fair judicial proceedings, fair trial, civil-criminal plaintiff's other civil docket cases could not be said to be proven in matters of judgment (formal court decree) 'noun' or award identified as [a] 'noun, verb' with associated concepts. . . ." (*Id.* at ¶ 11.) The remainder of the fact section of the Amended Complaint identifies his prior lawsuits. (*Id.* at ¶¶ 10-12.)

---

[2]   As noted in the Court's previous Decision and Order, the Court's research revealed that, since November 2006, Plaintiff has filed fifteen complaints in various districts throughout the country, including one in this district, as well as seven circuit court appeals. Plaintiff also apparently attempted to make various submissions with the United States Supreme Court, which, on April 27, 2009, directed the Clerk of the Court not to accept any further petitions in noncriminal matters from Plaintiff unless he paid the docketing fee and complied with the Court's rules. *Pickering-George v. Holder*, 129 S. Ct. 2061 (2009).

Beneath the facts section is a section labeled "cause of action for internet defamation," which consists only of a list of legal terms and phrases unconnected to any facts and stating no identifiable claim for relief. (*Id.* at ¶¶ 13-19.) Beneath that section, the Complaint purports to set forth, over four and a half pages, two separate "counts," of which the Court is unable to make any sense, save for yet another reference to "damages arising from defendant's wrongful, overt conduct, failure to respond (FOIA) Freedom of Information Act, together with costs, and such other and further claim of relief as is just . . . ." (*Id.* at ¶¶ 19[d], 22.)

## II.     ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

### A.     Governing Law

The legal principles relevant to the Court's review of Plaintiff's Amended Complaint were fully set forth in the Court's previous Decision and Order. (Dkt. No. 4.) As a result, the Court assumes familiarity with these legal principles, and will therefore not restate them in full this Decision and Order. Rather, the Court will only note briefly that, because Plaintiff has been given permission to proceed *in forma pauperis*, the Court has a responsibility to determine whether the action may properly be maintained. 28 U.S.C. § 1915(e)(2)(B). More specifically, dismissal is required when the Court finds, "(B) the action . . . (i) is frivolous or malicious[,] (ii) fails to state a claim on which relief may be granted[,] or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* In deciding whether a complaint states a colorable claim, a court must extend special solicitude toward *pro se* litigants;[3] and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). There is, nonetheless, an obligation on the part of the

---

[3]     *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam).

district court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (noting that district court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (noting that district court has power to dismiss case *sua sponte* for failure to state a claim).

When reviewing a complaint under 28 U.S.C. § 1915(e), a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2). The purpose of Fed. R. Civ. P. 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 [N.D.N.Y. 1995]). Although courts are bound to construe the allegations of a *pro se* complaint with special leniency, they must do so within the confines of the requirements of Fed. R. Civ. P. 8; "some set of facts must be included in the complaint that would support the court's exercise of subject matter jurisdiction and a complaint that falls too far short of this requirement may properly be dismissed." *Rahl v. New York Tel. Co.*, 09-CV-0165, 2010 WL 3338832, at *2 (N.D.N.Y. Aug. 24, 2010) (Sharpe, J.) (dismissing *pro se* complaint for failure to plead facts sufficient to survive a Fed. R. Civ. P. 12[b][6] motion). As the Court explained in its Decision and Order of December 7, 2010,

> while the special leniency afforded to pro se civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards in Fed. R. Civ. P. 8, 10 and 12. Rather, as both

> the Supreme Court and Second Circuit have repeatedly recognized,
> the requirements set forth in Fed. R. Civ. P. 8, 10, and 12 are
> procedural rules that even pro se civil rights plaintiffs must follow.
> Stated more plainly, when a plaintiff is proceeding pro se, all normal
> rules of pleading are not absolutely suspended.

(Dkt. No. 4, at 8 [internal quotation marks, footnotes and citations omitted].)

Granted, "[d]ismissal . . . is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Hudson*, 1998 WL 832708, at *2 (quotation omitted). Nonetheless, "'where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible . . . or where the substance of the claim pleaded is frivolous on its face,' . . . § 1915(e) permits a district court to dismiss the complaint *sua sponte*." *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. Oct. 1, 2010) (affirming district court's *sua sponte* dismissal with prejudice of *pro se* plaintiff's amended complaint ) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 43 [2d Cir. 1988]) [cited in accordance with Fed. R. App. P. 32.1].

  **B.**  **Application of Governing Law**

After carefully reviewing Plaintiff's Amended Complaint, the Court finds itself, once again, completely unable to discern the bases of Plaintiff's claims, or the precise remedy Plaintiff is seeking, even when it construes that Amended Complaint with the utmost of special solicitude. (*See generally* Dkt. No. 6.) Simply stated, Plaintiff's Amended Complaint is equally as rambling, baffling, and lacking in factual support as the original pleading. (*Compare* Dkt. No. 6 *with* Dkt. No. 1.) For these reasons, as well as those set forth in the Court's Decision and Order of December 7, 2010 (Dkt. No. 4, at 11-12), Plaintiff's Amended Complaint is dismissed.

C.	**Nature of Dismissal**

As the Court explained in its Decision and Order of December 7, 2010 (Dkt. No. 4, at 13-14), as the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) [citations omitted]; *accord Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 28 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied.").[4] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1.

---

[4] The Court notes two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atl. v. Twombly*, 555 U.S. 544 (2007). *See Gomez*, 171 F. 3d at 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley*, 355 U.S. at 45-46). Thus, this standard does not appear to be an accurate recitation of the governing law.

Plaintiff was already afforded the opportunity to cure his defective claims. (Dkt. No. 4.) As a result, and because the Amended Complaint remains prolix and unintelligible, it (and this entire action) is dismissed with prejudice.

### III.   ANALYSIS OF PLAINTIFF'S MOTIONS

Along with the Amended Complaint, Plaintiff filed two separate documents that he has identified as "motions." (Dkt. Nos. 7, 8.) Plaintiff labels the first motion as "motion to vacate decision and order, FRCP. Rule 7(b), and motion to reconsider, 'amend' [a] judicial decision, order: 1:10-CV-077 (GTS/DEP)." (Dkt. No. 7.) On the first page of that motion, Plaintiff requests that the Court vacate its Decision and Order of December 7, 2010, which denied Plaintiff's motions filed on October 22, 2010. (*Id*.) As the basis for that motion, Plaintiff states as follows: "(1) in adequet [sic] public law libraries–generally, inproper [sic] drafts of pleadings, complaint; (2) thee, amended complaint of plaintiff enclosed and claims and claims of relief, FRCP. Rules 8(a)." (*Id*.) The remaining three pages of this four-page motion consist of lists of "claims" that, even when construed with the utmost of special leniency, are nonsensical in nature. (*Id*.)

Although Plaintiff's motion does not expressly base his "request for . . . reconsider[ation]" on any provision of the Federal Rules of Civil Procedure or the Local Rules of Practice of this Court, the motion (when construed with the utmost of special leniency) is based on Fed. R. Civ. P. 60(b) and/or N.D.N.Y. L.R. 7.1(g).[5]  Local Rule 7.1(g) provides that

---

[5]   Rule 60(b) of the Federal Rules of Civil Procedure directly addresses the standard to be applied when relief from a final judgment or order is sought, and provides in relevant part as follows:

> On motion and just terms, the court  may relieve a party . . . from a
> final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable
>         neglect;

"[m]otions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than FOURTEEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree." N.D.N.Y. R. 7.1(g). Under the circumstances, Rule 60 does not "otherwise govern[]," because the Order of which Plaintiff seeks reconsideration is not a final one but an interlocutory one. *See Melendez v. Wilson*, 04-CV-0073, 2006 WL 2621083, at *1-2 (S.D.N.Y. Sept. 12, 2006) (characterizing appeal from initial order requiring *pro se* prisoner to file amended complaint as "interlocutory" in nature).[6] (Indeed, the Order of which Plaintiff seeks reconsideration conditioned dismissal on Plaintiff's failure to file an Amended Complaint, and he filed that Amended Complaint on the same date on which he filed his motion for reconsideration.) As a result, Local Rule 7.1(g)'s fourteen-calendar-day deadline applies. Here, the Clerk entered the Order to which Plaintiff objects on December 8, 2010; and his

---

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Local Rule 7.1(g), on the other hand, merely details a procedure to govern motions for reconsideration, without setting out an applicable standard for determining such applications. N.D.N.Y. L.R. 7.1(g).

[6]   *Cf. Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *5 (W.D.N.Y. July 22, 2004) ("This Court's order of September 24, 2003, was an interlocutory, and not a final, order because it adjudicated fewer than all of the claims in the action. . . . Rule 60(b), therefore, is currently unavailable to Dumpson.") [internal quotation marks and citations omitted].

motion was filed on December 30, 2010, more than fourteen calendar days later.[7]  As a result, Plaintiff's motion is time barred.  *See, e.g., Jackson v. Provost*, 09-CV-1864, 2008 WL 4935008, at *1 (N.D.N.Y.  Nov. 14, 2008) (Sharpe, J.) (addressing motion for reconsideration of order denying motion for appointment of counsel).

In addition, even assuming that the motion were timely, it would still fail.  In this District, reconsideration of an order entered by the court is appropriate only upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re C-TC 9th Ave. P'ship*, 182 B.R.1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.); *see also Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp.2d 223, 244 (N.D.N.Y. 2002) (McCurn, S.J.) (citing *Sumner v. McCall*, 103 F. Supp.2d 555, 558 [N.D.N.Y. 2000] [Kahn, J.]).  Applications for reconsideration are also subject to an overarching "clearly erroneous" gauge.  *Sumner*, 103 F. Supp. 2d at 558.

The benchmark for seeking reconsideration of a court's order has been described as "demanding[.]"  *Id.*  A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "'intended to give an unhappy litigant one additional chance to sway the judge.'"  *Brown v. City of Oneonta, New York*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (McAvoy, C.J.) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 [E.D. Va. 1977]).  To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*

---

[7]  The Court notes that, although Plaintiff's motion was dated (and mailed to the Clerk's Office on) December 21, 2010, that date is not deemed to be the date of "filing," because Plaintiff (a non-prisoner at the time) was not entitled to the "Prison Mailbox Rule."

*v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995) (citations omitted). Like the Amended Complaint, Plaintiff's motion is incomprehensible and devoid of any law or facts that might support reconsideration.

For each of these two alternative reasons, Plaintiff's first motion is denied.

Turning to Plaintiff's second motion, that motion is a three-page document filed on December 31, 2010, entitled "motion to reinstate claim, 'amend' FRCP. Rule 55(a) to jurisdiction authority, 28 U.S.C. § 1874 'default' decision and order in accord with FRCP Rule 7 (b)." (Dkt. No. 8.)[8] The Court begins by noting that the second page seems to suggest that Plaintiff seeks entry of default judgment against Defendants for failure to answer the Complaint. (*Id*. at 2.) Plaintiff previously sought a default judgment in this action. (Dkt. No. 3.) That request was denied as premature because Fed. R. Civ. P. 55 provides for entry of default judgement "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." Fed. R. Civ. P. 55(a). (Dkt. No. 4 at 3-4 [Decision and Order].) As a result, to the extent that his second motion seeks entry of default judgment against Defendants, that motion is denied on the same ground, or, in the alternative, because he has failed to set forth any justification for reconsideration of the Court's prior Order. Finally, to the extent that his second motion seeks any other form of relief, that motion is denied as moot, in

---

[8]   28 U.S.C. § 1874 provides, in part:

> In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other speciality, wherein the forfeiture, breach, or nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due.

There is nothing in Plaintiff's pleading suggesting that he is pursuing an action on a bond or speciality, and the statute therefore has no apparent applicability.

11

light of the Court's dismissal of the action.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Amended Complaint is *sua sponte* **DISMISSED** with **prejudice**, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b); and it is further

**ORDERED** that Plaintiff's two motions, filed on December 30, 2010 (Dkt. Nos. 7 and 8), are **DENIED**.

Dated: May 12, 2011
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge